UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY STUBBS,

    Plaintiff,

v.                              CASE No. 8:06-CV-2364-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's allegation of eye problems, I recommend that the Commissioner's decision be reversed and the matter remanded for further consideration.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-seven years old at the time of the administrative hearing and who has a high school education, has worked as a laundry attendant, certified nurse's assistant, and home health aide (Tr. 64, 76, 78, 92). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to chronic high blood pressure, eye problems, and migraine headaches (Tr. 72). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge stated that the plaintiff has a combination of impairments that are severe (Tr. 25). She concluded that the plaintiff retained the residual functional capacity to perform medium work, but that she should avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation (Tr. 24). Based on the testimony of a vocational expert, the law judge determined that these limitations did not prevent the plaintiff from performing past relevant work as a certified nurse's assistant or home health aide (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff contends that she is unable to work due to high blood pressure, poor vision, migraine headaches, asthma and obesity. The

law judge found that she suffers from a combination of impairments that are severe, but that they are not disabling (Tr. 25).

The plaintiff asserts several arguments in support of her contention that the law judge's determination was erroneous. For the most part, those arguments lack merit, but they do demonstrate reversible error with respect to the plaintiff's allegation of eye problems.

The plaintiff testified at the hearing that, because of her eyes, she has trouble reading since "[t]he pages, the words, the letters are too, can't see the letters. They run together" (Tr. 256-57). She added that she has glasses but "they don't do no good" (Tr. 257).

A vocational expert testified that a person with the residual functional capacity the law judge found the plaintiff to have could work as a certified nursing assistant and a home health aide (Tr. 267, 269). However, the expert testified further that the inability to read normal print would affect an individual's ability to carry out those jobs (Tr. 274).[3]

---

[3]The transcriber of the hearing appears to have been confused about who was speaking when this opinion was rendered and has attributed it to the attorney, rather than the expert. The context of this statement indicates it should be identified as an answer and not a question.

In addition, there was differing medical evidence concerning the plaintiff's vision. Thus, Dr. Jack M. Lipps, who was performing a physical evaluation, stated, among other things, that the plaintiff's "[v]ision with glasses was 20/100 in the right eye and 20/70 in the left eye" (Tr. 168). However, an opthalmologic evaluation listed the plaintiff's best correction as 20/30 in the right eye and 20/25- in the left eye (Tr. 174).

The law judge, although mentioning some of this evidence in a summary, did not evaluate, and make findings about, any of it. Thus, there was no attempt to reconcile the differing medical findings. A resolution of the differing medical findings would seem to be necessary since the law judge did not articulate any reasoning to support a conclusion that, if the plaintiff's corrected vision was 20/100 in the right eye and 20/70 in the left eye, she could nevertheless read normal print.

Furthermore, while the law judge in general made a reasonable and adequate explanation for her credibility determination regarding the plaintiff's subjective complaints, that explanation omitted any mention of the plaintiff's testimony concerning her vision problems. Thus, the law judge

gave no reason for discounting the plaintiff's testimony that she could not see properly to read and that her glasses did her no good.

It is also appropriate to add that the law judge mistakenly said that. "[a]lthough the claimant's blood pressure has not been adequately controlled[,] there is no evidence of any end organ involvement resulting therefrom" (Tr. 23). The opthalmologic evaluation revealed "hypertensive retinopathy" in both eyes (Tr. 174). While this misstatement, by itself, would not justify reversal, it does undermine further the law judge's treatment of the plaintiff's vision problems.

The law judge's failure to evaluate the plaintiff's alleged vision impairment violates settled principles of Social Security law. In the first place, as the plaintiff points out (Doc. 8, p. 2), the law judge must state the weight accorded each item of impairment evidence and the reasons for her decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). The law judge's failure to address the plaintiff's eye problems constitutes reversible error. Id.

Furthermore, it is a basic principle that, if a law judge refuses to credit subjective testimony when the testimony is critical, she must articulate

specific reasons for questioning the plaintiff's credibility. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987). The plaintiff's testimony that, even with glasses, she could not see well enough to read is obviously critical in light of the vocational expert's testimony that, if the plaintiff could not read normal print, the plaintiff could not perform the two prior jobs to which the law judge said she could return. Consequently, the failure to explain this credibility determination is also reversible error.

For these reasons, the law judge's failure to evaluate the plaintiff's eye problems warrants a remand.

Under these circumstances, it is unnecessary to address the plaintiff's other contentions at length, particularly since they do not establish reversible error.

The plaintiff argues that the law judge erred at step two of the five-step sequential process for determining entitlement to Social Security disability benefits because the law judge did not specify what the plaintiff's impairments are, and which are severe and non-severe (Doc. 8, p. 3). Step two of the sequential evaluation process requires the law judge to consider

whether the claimant has a severe impairment or a combination of impairments that are severe. 20 C.F.R. 404.1520(a)(2)(ii). The plaintiff is correct that the decision was deficient in these respects. These deficiencies, however, do not constitute reversible error. The law judge discussed in her credibility determination each of the alleged impairments, except for the eye problems (Tr. 23-24), and that discussion indicated the impairments that were being evaluated. Further, because the law judge did not stop at step two of the analysis, but went on to step four, the failure to state which impairments were severe and which were not was not reversible error.

The plaintiff argues next that the law judge did not give proper weight to the opinions of physicians (Doc. 8, pp. 5-9). This argument is meritless because no treating, or consulting, physician stated an opinion concerning the plaintiff's functional limitations.

The plaintiff contends also that the law judge failed to make clear that an individual's residual functional capacity is based upon an assessment of an individual's ability to work eight hours a day, five days a week, or an equivalent work schedule (Doc. 8, pp. 9-10). This argument is frivolous since the law judge and the vocational expert (as well as everybody

else) obviously understood that such a work week was to be considered in the residual functional capacity assessment. Indeed, I have twice before recommended that this same argument by this same lawyer be rejected. Lovell v. Commissioner, Case No. 8:04-CV-2451-T-27TGW (Doc. 16, p. 16); Skelton v. Commissioner, Case No. 8:06-CV-1588-T-23TGW (Doc. 17, pp. 9-11).

The plaintiff asserts further that the law judge's hypothetical questions to the vocational expert failed to include all of her impairments (Doc. 8, pp. 11-12). This contention has merit, but only with respect to the plaintiff's eye problems. The vocational expert's answer to the law judge's hypothetical question cannot provide support for a finding that the plaintiff could return to work as a certified nurse's assistant and a home health aide in the absence of a cogently explained finding that the plaintiff's vision problems did not prevent her from reading normal print.

The plaintiff's final argument is that the law judge did not make a proper credibility determination (id., pp. 13-15). Again, this contention has merit only with respect to the plaintiff's eye problems. Otherwise, the law

judge applied the proper standard (Tr. 25), and adequately explained her determination (Tr. 23-24).

IV.

For the foregoing reasons, the law judge committed reversible error with respect to the plaintiff's allegation of a vision problem. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 6, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).