UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY STUBBS,                          :
                                       :
            Plaintiff,                 :
                                       :
v.                                     :  CASE No. 8:06-CV-2364-27TGW
                                       :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,       :
                                       :
            Defendant.                 :
                                       :

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion

for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice

Act (Doc. 15) and the Unopposed Amended Motion for Award of Attorney's

Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 17), filed by

counsel for the plaintiff on May 23, 2008 and June 14, 2008, respectively.[*]

Having considered the application, the defendant's lack of objection, and the

pertinent factors regarding an award of attorney's fees under the Equal Access

to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $2,112 in

_____

[*]There is no substantive difference between these motions. The amended motion
includes a claim assignment to her attorney and a notation that the motion is
unopposed.

fees and $350 in costs to be paid, by virtue of a claim assignment. to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated February 26, 2008 (Doc. 11). Judgment was therefore entered in favor of the plaintiff (Doc. 12). The plaintiff then filed this application for attorney's fees and costs under the EAJA (Doc. 15).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,112 (Docs. 15, 17). This amount represents 13.2 hours of service before the court during the years 2006 through 2008 at an hourly rate of $160 by attorney Roger W. Plata (Doc. 16). The plaintiff also seeks reimbursement of the $350 filing fee (Doc. 17). The plaintiff has certified that the defendant has no

objection to this payment (Doc. 17, p. 2).  Further, the defendant has not filed an opposition to this claim.  See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust.  Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 13.2 hours for services performed in this case appears reasonable.  Importantly, the defendant has not challenged that claim.

Counsel seeks compensation at his regular hourly rate of $160 (Doc. 16, ¶7).  This is similar to the hourly rate awarded other attorneys who pursue social security appeals, on the basis that a cost of living adjustment merits an increase in the typical hourly rate of $125.  In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted.  Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

Finally, it is requested that the attorney's fees and costs be paid directly to plaintiff's counsel (Doc. 17, p. 1).  In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social

security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (id., p. 4). Furthermore, the defendant has not raised any opposition to an award of attorney's fees and costs under the EAJA directly to counsel in this circumstance. Therefore, by virtue of the claim assignment and the defendant's lack of opposition, the award of attorney's fees and costs is payable to plaintiff's counsel in this case.

For the foregoing reasons, I recommend that the Unopposed Amended Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 17) be GRANTED. Accordingly, I recommend that the applicant be awarded the amount of $**2,112** in attorneys' fees and $**350** in costs to be paid to plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), ( c)(1), (d)(1)(A), (B). Further, I recommend that the plaintiff's original Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. 15) be DENIED as MOOT.

Respectfully submitted,

THOMAS G. WILSON
DATED: JULY /0, 2008        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).